SFPP, L.P., Plaintiff—Appellant,

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant— Appellee.**

No. 06–56347.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2008.

Filed April 18, 2008.

Germain D. Labat, Esq., Mayer Brown Rowe & Maw, LLP, Los Angeles, CA, for Plaintiff–Appellant.

Kevin P. Dwight, Esq., Brent G. Cheney, Esq., Craig S. Bloomgarden, Esq., Steefel Levitt & Weiss, Los Angeles, CA, for Defendant–Appellee.

Before: BEEZER, T.G. NELSON, and SILVERMAN, Circuit Judges.

### MEMORANDUM *

SFPP, L.P. appeals from the district court's dismissal of its complaint against Union Pacific Railroad Company. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

■ SFPP's allegations that Union Pacific violated the Pipeline Safety Improvement Act of 2002, 49 U.S.C. §§ 60101–60137, and the Constitution are not frivolous; we have subject matter jurisdiction. *See Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946). SFPP's fourth claim alleging that Union Pacific's demand is an unconstitutional taking is ripe "[t]o the extent that [SFPP] argues that [Union Pacific's demand] is a facial taking because it is not sufficiently related to legitimate state interests." *San Remo Hotel v. City and County of San Francisco,* 145 F.3d 1095, 1102 (9th Cir.1998).

However, SFPP fails to state any claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6). In order to state a claim upon which relief can be granted, sufficient facts must be pleaded "to state a

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). We construe SFPP's complaint in the light most favorable to it, but are not "required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th Cir.1994).

■ SFPP's claims under the Pipeline Safety Improvement Act and the Constitution require state action. *See* 49 U.S.C. § 60121(a); *Single Moms, Inc. v. Mont. Power Co.,* 331 F.3d 743, 746–47 (9th Cir. 2003). SFPP does not sufficiently plead that Union Pacific is performing a function that is "traditionally and exclusively" a public function. *Lee v. Katz,* 276 F.3d 550, 554 –555 (9th Cir.2002). Although SFPP alleged that the railroad is a state actor, that allegation is a legal conclusion that we need not, and do not, accept. *See Clegg,* 18 F.3d at 754–55. SFPP's factual allegations, even when taken as true, do not support the conclusion that Union Pacific is acting as a state actor by demanding compliance with a private agreement.

■ SFPP argued at oral argument that it had sufficiently alleged violations of the Pipeline Safety Improvement Act not dependent upon state action. However, that argument is not fairly raised in its opening brief; rather, SFPP argued only that it had sufficiently plead that Union Pacific's attempt to require compliance with AREMA standards was "regulating" by a state actor. *See Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994) ("We re-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view only issues which are argued specifically and distinctly in a party's opening brief.").

In addition, SFPP's claims under the Pipeline Safety Improvement Act fail because SFPP did not provide the requisite notice 60 days before filing its original complaint. *See* 49 U.S.C. § 60121(a)(1)(A); *Hallstrom v. Tillamook County*, 493 U.S. 20, 25–33, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989).

**AFFIRMED.**

Fernandez, Circuit Judge, filed opinion concurring in part and dissenting in part.